UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER D. MCCOMBS,

                                                    DECISION AND ORDER

                     Plaintiff,

                                                    19-CV-6151L

                v.

M&T BANK CORPORATION,

                     Defendant.
_____

        Plaintiff Christopher D. McCombs brought this action against M&T Bank Corporation ("M&T"), asserting claims under federal and New York law in connection with a mortgage loan relating to property owned by plaintiff in Rochester, New York.[1]

        Plaintiff filed the complaint on February 25, 2019. Following M&T's filing of an answer to the complaint, the case proceeded to discovery, under the supervision of Magistrate Judge Marian W. Payson.

        Plaintiff never complied with defendant's discovery requests, in the sense of providing what was requested, but he did continue to litigate the case. *See*, *e.g.*, Plaintiff's Response to Defendant's Motion to Compel (Dkt. #18). Eventually, plaintiff's counsel filed a motion (Dkt. #22) for voluntary dismissal, in support of which counsel stated that plaintiff is currently living in Japan, as a civilian employee of the U.S. Army, and that communication between plaintiff and counsel has become "nearly impossible." *Id.*

---

[1] According to defendant, its correct name is Manufacturers and Traders Trust Company. *See* Def. Mem. (Dkt. #24-1) at 3.

Plaintiff's counsel has requested that dismissal be without prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. In a response/cross-motion filed on February 10, 2020 (Dkt. #24), M&T states that it does not oppose dismissal of the complaint, but contends that dismissal should be with prejudice, pursuant to Rules 37(b)(2) and 41(b).

On February 11, 2020, the Court gave plaintiff until February 21, 2020 to file a reply to defendant's response and cross-motion. (Dkt. #26.) Plaintiff has not done so.

## DISCUSSION

As the above recitation makes clear, there is no dispute that the complaint should be dismissed. The only questions for the Court are what the basis for the dismissal should be, and whether the dismissal should be with or without prejudice.

Rule 41(a)(2), upon which plaintiff's motion is premised, provides that except in some circumstances that do not apply here, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper," and that "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."

Defendant bases its cross-motion on Rules 41(b) and 37(b)(2). The former states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it," and that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits." "[T]he usual sanction for failure to prosecute under Rule 41(b) is dismissal with prejudice." *Roman v. Phipps*, 2020 WL 2086190, at *2 (S.D.N.Y. Apr. 30, 2020).

Rule 37(b)(2) provides that a court may impose sanctions against a party who "fails to obey an order to provide or permit discovery." *Salahuddin v. Harris*, 782 F.2d 1127, 1132-33 (2d Cir. 1986). The decision to impose sanctions under Rule 37 "is committed to the sound discretion of the district court." *Luft v. Crown Publishers, Inc.*, 906 F.2d 862, 865 (2d Cir. 1990). Because "Rule 37 permits the imposition of 'just' sanctions[,] the severity of sanction must be commensurate with the non-compliance." *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 140 (2d Cir. 2007).

I conclude, first, that voluntary dismissal under Rule 41(a)(2) is appropriate, rather than involuntary dismissal under Rule 41(b), or dismissal as a sanction under Rule 37. Although plaintiff has not provided the discovery called for by the Court's most recent scheduling order (Dkt. #21), he did not simply flaunt that order. At the end of the most recent discovery deadline, plaintiff filed his motion for voluntary dismissal. It thus cannot be said that plaintiff (at least through his attorney) has completely ignored court orders or abandoned the action altogether. I therefore do not see a basis for involuntary dismissal under Rule 41(b) or as a sanction under Rule 37.

"The grant or denial of a dismissal on motion under Rule 41(a)(2) is within the sound discretion of the trial court." *Bynum v. Maplebear Inc.*, 209 F. Supp. 3d 528, 535 (E.D.N.Y. 2016) (quotations omitted). Unless the court orders otherwise, a Rule 41(a)(2) dismissal is without prejudice. *Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 425 F.3d 207, 211 (2d Cir. 2005).

"The general rule is settled for the federal tribunals that a plaintiff possesses the unqualified right to dismiss his complaint at law... ." *Jones v. SEC*, 298 U.S. 1, 19 (1936).

Accordingly, "[a]lthough voluntary dismissal without prejudice is not a matter of right, there is a presumption in this circuit that generally motions to dismiss claims without prejudice should be granted." *Ascentive, LLC v. Op. Corp.*, No. 10-CV-4433, 2012 WL 1569573, at *2 (E.D.N.Y. May 3, 2012). *See also Parker v. Tougher Industries, Inc.*, No. 6-CV-400, 2013 WL 316389, at *1 (N.D.N.Y. Jan. 28, 2013) (courts generally "presume that a party's motion to dismiss its own claims without prejudice should be granted").

"[T]wo tests have developed in the Second Circuit for determining whether dismissal without prejudice would be inappropriate[.]" *GFE Global Fin. & Engineering Ltd. v. ECI Ltd. (USA), Inc.*, 291 F.R.D. 31, 36 (E.D.N.Y. 2013). The first test examines whether the defendant would suffer some plain legal prejudice from a dismissal without prejudice, beyond the prospect of a second lawsuit. *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006) (citing *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)).

The second "test for dismissal without prejudice involves consideration of various factors, known as the *Zagano* factors." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011) (quoting *Camilli*, 436 F.3d at 123); *see Zagano v. Fordham Univ.*, 900 F.2d 12 (2d Cir. 1990). *Zagano* requires consideration of: (1) "the plaintiff's diligence in bringing the motion"; (2) "any 'undue vexatiousness' on plaintiff's part"; (3) "the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial"; (4) "the duplicative expense of relitigation"; and (5) "the adequacy of plaintiff's explanation for the need to dismiss." *Zagano*, 900 F.2d at 14. "These factors are not necessarily exhaustive and no one of them, singly or in combination with another, is dispositive." *Center for Discovery, Inc. v. D.P.*, No.

16-CV-3936, 2018 WL 1583971, at *5 (E.D.N.Y. Mar. 31, 2018) (quoting *Kwan*, 634 F.3d at 230).

Having considered these factors, I conclude that dismissal without prejudice is appropriate, under either test.

First, M&T has not shown that it will likely suffer any "plain legal prejudice" if the action is dismissed without prejudice, beyond the possibility (which appears remote) that plaintiff may at some point commence a new lawsuit.

Nor do the *Zagano* factors call for a dismissal with prejudice. Most importantly, this action has not progressed very far. In its memorandum of law, M&T states that the "case has been pending for about one year, and Mr. McCombs has not participated in discovery." (Dkt. #24-1 at 7.)

While M&T may see that as evidence of plaintiff's refusal to move this case along, it also shows that the case has not progressed very far. Were plaintiff to refile the action at some later date, it is difficult to see how M&T would be unduly prejudiced. *See Carbajal v. Miller Bros. Landscape Maintenance, LLC*, No. 18-CV-7070, 2020 WL 578822, at *6 (Jan. 3, 2020) ("the defendant's efforts and expense in preparation for trial have been minimal, and therefore so would the duplicative expense of relitigation") (internal quotes omitted).

The Court has considered the remaining factors and concludes that they too do not support dismissal with prejudice. I do not see any evidence of vexatious conduct on the part of plaintiff or his attorney. *See Luis v. Marabella Pizza, LLC*, No. 18-CV-4052, 2019 WL 4261946, at *3 (E.D.N.Y. Aug. 23, 2019) ("Vexatiousness refers to instances in which a case is brought to harass a defendant or in which a plaintiff had an ill-motive"), *report and recommendation*

*adopted*, 2019 WL 4261616 (Sept. 9, 2019).  And though plaintiff's attorney's statements cast doubt on whether plaintiff will ever recommence this action, I cannot say that his explanation for seeking dismissal is inadequate.[2]

Again, it may well be that plaintiff has simply lost interest in pursuing this lawsuit, and will make no attempt, through counsel or otherwise, to resurrect it.  If so, M&T will suffer no prejudice whatsoever, as a result of a dismissal without prejudice.  But even if plaintiff were to refile, I do not see how M&T would suffer any plain or undue prejudice, and in light of the factors recited above, I conclude that the action should be dismissed without prejudice.[3]

## CONCLUSION

Plaintiff's motion for voluntary dismissal (Dkt. #22) is granted, defendant's cross-motion to dismiss (Dkt. #24) is denied, and the complaint is dismissed without prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 26, 2020.

---

[2] In his affirmation (Dkt. #22-1), plaintiff's attorney states that on the rare occasions when he has been able recently to communicate with his client, plaintiff has expressed little more than anger, frustration and confusion about this lawsuit and the related proceedings.  *See id.* ¶ 11.

[3] As stated, the Court finds that voluntary dismissal under Rule 41(a) is appropriate here.  But I also note that the standards under Rules 37 and 41(b) are not much different.  *See Julian v. Metropolitan Life Ins. Co.*, No. 17-CV-957, 2020 WL 1699983, at *2 (S.D.N.Y. Apr. 7, 2020) ("Dismissal of a plaintiff's claims as a sanction, whether pursuant to Rule 37(b)(2)(v) or Rule 41(b), is 'a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault by the noncompliant litigant'") (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)) (additional quote omitted).